Haywood, Justice.
I was concerned in the case at Salisbury to support the affirmative of the proposition and have taken much pains to inform myself of the law, and I think if is as the court decided here.
Notb. — It is cerium that the English law is agreeable to the decision at Wilmington, as related by Mr. Moore. 2 Atk. 63 H. Bl. Re. 146, 152, 153, 154. Wil. 370, 371. Dyer 803. Swinb. 441. 9 Rep 39. God. 232, s. 8, 71. Cro. El 472. Salk. 40. 1 Vern. 397, 307. 1 Mo. C. 244. 3 Term 387. And the reason given in some of these books is, that if the granting the letters of admins) ration be denied, it cannot be tried, as that is a tact to be tried by a jury. 9 Rep. 40. And no jury of the vicinity can be got in the case of an administration alleged to be granted in a foreign country. God. 132, By others it seems to be owing to the particular constiuclion of the Ecclesiastical Court, which can only grant administration in such cases where formerly the Bishop might have possessed himself of tin; goods to be distributed in piosums. 2 Bl. Com. 494, 495. That is, of the goods within his own jurisdiction. Before, the Bishop, the King had the right of distributing intestate’s effects, which power be usually deputed to the Bishop. Glanv. lib. 6th, 66, 67. 9 Rep. 39. Plow. 297. Swinb. 428. Until usage at length ripened into a right. 2 Inst. 399. 3 Mo. 59. L. Ray. 86, 363. 5 Mo. 247. Will.Re. pi. 2. Salk. pl.3. And this right the .Bishops abused for their own private advantage, till acts ofParliameut compelled them to appoint administrators. So that administration succeeded to the Bishop’s right to distribute, and that by the usage only extended to the goods within his own diocese, or of him whose soul he liad the care of when alive. These acts substituted the profits arising from the fees for grunting letters of administration in the place of the Bishop’s ancient right, to distribute the goods. 2 Atk. 659_ Where there aie no guilds therefore, he has no right to grant the letters í an(^ 'n order to secure to him these substituted profits, where there are goods, the administration is deemed to be void unless granted by him : and since the act for granting administrations, as it would be inconvenient where there are goods in different dioceses, for each Bishop to grant letters, in such case the metropolitan shall grant them; hut then their authority extends no further than to the bounds of his jurisdiction. Swinb. 440. 2 Lev. 86. The probate of wills before the administration act, naturally followed the right to distribute the goods of the intestate ; for the Bishop could not ascertain his intestacy, if the will, where there was any, was not to be proven before him. It was therefore adopted as a rule, that he was not to be hindered from distributing, unless where a will was proven in his court, which annihilated his pretensions: and thus the power of talcing probate of wills was drawn by the Bishops into tlieir courts, as a thing necessarily incident to their power to distribute in pios usus,_ which they had acquired by usage. A probate before himself, was tlie only one that could oust the Bishop of his right to distribute: hence a probate beyond sea could not do it, neither would a probate in another court out of the Bishop’s jurisdiction ; for that court was not'sufficiently interested to be careful that the probate should he a fair one, the goods not being within its jurisdiction, nor to be distributed hy its *408 ¡shop in any event — ami such a practice moreover wits ¡iublelo confusion, as the Dishop might proceed to distribute, not knowing of Ihe pronato in another court. Thus it is probable, stood the power ’of the Dishops at the time when the act for granting administrations was passed, and then the Bishop was appointed to print the administration, hec-iusc possessing the power to take probate of wills, lie could best know who had died intestate ; and it became a rule, that he who iiad power to take piobute of the will of the deceased, might also grant letters of administi.dion in caso ol* bis intestacy. As administration followed the probate of wills, and that the power to distribute in ancient time ¡>, and as that power was exercised only over the goods within the jmisdiction of each ordinary, it came to be a rule in England at this day, that the granting letters of ad ministration is confined to that jurisdiction within which the goods are ; and that all probates of wills and granting letters of administration by other jurisdictions in which the goods are not, are void ; although were such probates and administrations allowed to be good, the eflecla of the deceased would be distributed in the same manner as they would be under the pi ob ites and administrations which are allowed to he valid. That a foreign administration is of no foie-* in England therefore, seems to be owing to the peculiar species of jurisdiction given to the-. Ecclesiastical Omits, ill it jurisdiction depending upon the local situation of the goods to be administered, so as that there is no authority where there are no effects. This is not a rule founded upon any universal principle ; it is a rule t.f municipal law, founded upon a speci-ality of circumstances. In tifia country, the rule of our law is found, edupon a different circunirtmce and oilier consider.tions. The jn-risdiction here is founded upon the circumstances of die deceased’s residence at the time of his death, the probate of his will, or letters administration is to be granted in the court of the county where Ins lived, to the end the citizen» may know with certainty where toapply, either to prove or to oppose the probate or the granting of letters. The ascertaining intestacies and providing for them, is naturally commuted to the same jurisdiction: the granting letters testamentary or of administration by any other court, is void. But letters granted in the county where the deceas'-d did n*t regid-, are void ; not tor the same reason they would' he so in England, where their invalidity is referred to the circuiustanot. of there luiug no goods of the deceased within the juriMtk.tiou that granted. Since then jurisdiction fails in England, when lb-re are no goods within it, and doth not fait here for the sr.me reason, it. may follow 'mat though a foreign administration may not be good in England, it. may hois ; for the goods here may be distributed by administration granted in another jurisdiction than whore they are,winch in England is not so. In the argument of the case of Jkitii and J’tics at Salisbury, it was said that the effects within our otvn territory, arc distributable according to the rules of our own law only ; and that whoever takes administration, gives security to distribute them according to our law ; and if there are no s barer.;, our law gives the effects of the deceased to tito pub he. Tin- laws of other countries'may, and no doubt do in some particulars dii eel a different modeot distribution ; and the administrator appointed under them mu-t ad-ra, nister according to their law. And should a foieign administrator be suffered to recover the effects lmrc, he will convey them into his own country, oíd distribuíe them according- to the law there, to the injury of <ipersons entidad by our law, or some of them, and perhaps to tin; injury of the State, One aus'.vci to this’is, if llv.' deceased was the subject or citizen of another government, his personal property *409 here is distributable by the law of his own country, and not by ours. 4 Term 185, 184, 192. Vatt. b. 2, c. 7, s. 85, 109, 110. 2 Ves. 35. Amb. 35. 2 Stra. 733. II Bl Rep. 691. 2 Bro. Ch. 37. 2 P Wil. 88. Loft's Rep, 15, 16. Vatt. 259, s. 85. P. Ch. 678. And then there is no reason grounded upon the injustice of the thing that would exclude him. It is not upon that principle he is excluded in England. With respeci to the goods of one of our own citizens found here upon .his death, the argument scents to have some weight; but neither with respect to him are the reasons of that argument there which exclude him in England — it depends there solely upon the rule that the administration of goods cannot be committed but by;the ordinary of the place where the goods are. in addition to the reasons of that argument, another might be urged of some weight, name!}', that a foreign administrator might sue here without personally coming into this State, and so avoid the process of creditors ; and by that means recover in and convey away his effects without paying iiis debts whereas were the administration granted here, he must give security to pay the creditors; which benefit is lost by allowing the foreign administration to be good. And perhaps these reasons are of weight enough to justify the decision at Wilmington — every State should procure justice for its own citizens in the first place, and the requiring letters of administration to .be granted here secures it. In the case of our citizen residing in another country, and having effects here at the time of his death, there is better reason for giving validity to a foreign administration ; and m case of a foreigner dying heie or elsewhere, and leaving effects here, the requiring administration to be taken out here, will not hinder a distribution from being made according to the laws of his country, when at tiie same timo it protects the right of creditors. These considerations indicate the justness of the decisions at Wilmington, and shew that very probably it is good law. They were attended to in the case of Neal and Mum ford. Kirby Rep. 270. Where letters of administration, granted m tiie State of New-York, were held good to support an action upon in Connecticut, ihere being no goods and chattels of the deceased in Connecticut — had there been, it was implied m the reasoning on that case, that there should have been an administration in Connecticut, to collect and inventory .the effects, and to pay funeral charges and debts contracted in that State.
'Note. — The decision referred to in this case was confirmed by the Court of Conference, in Butts’s Adm’rs. v. Price, Con. Rep. 68. But an executor can maintain an acuon here upon’ letters testamentary issued upon a prooat*- in another Stale. Stephens’s Ex’rs. v. Smart’s Exrs. 1 Car, Law Rep. 471- Although an administrator appointed in anoth, r State has no right to sue in the courts of this, yet where he has a bond due his intestate, and assigns it, his a.-sig'tice can maintain an action in our courts in his own name. Leake v. Gilchrist, 2 Der. Rep. 73.